UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KIMBERLY TRIPLETT,** | * | **CIVIL ACTION NO.** |
| **PLAINTIFF,** | * | |
| **VERSUS** | * | **SECTION** |
| **FRESENIUS MEDICAL CARE LOUISIANA DIALYSIS GROUP, LLC,** | * | **MAG.** |
| **DEFENDANT,** | * | **JUDGE** |
| | * | **JURY TRIAL REQUESTED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes Now, Plaintiff, Kimberly Triplett, and files her Complaint against the above-named Defendant on the following grounds:

**PARTIES**

1. Plaintiff, is a fifty-four-year-old citizen of the state of Louisiana, and resides in New Orleans, Louisiana.

2. At all times pertinent, Defendant has continuously been and is now doing business in the State of Louisiana and has continuously had at least fifteen (15) employees.

3. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 11(b), (g) and (h) of the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. §§ 630(b), (g) and (h).

**JURISDICTION AND VENUE**

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5. Defendant operates their business within the Eastern District of Louisiana. All actions by Defendant alleged herein occurred within the Eastern District of Louisiana. Venue in this district is proper for the Defendant pursuant to 28 U.S.C. § 1391(b) & (c).

6. Plaintiff filed a charge of discrimination on March 18, 2021, with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") alleging violations of the Age Discrimination in Employment Act of 1967, including violations of age discrimination, age based workplace harassment, and retaliation.  The charge was filed within 300 days of the date of the retaliatory adverse actions for which recovery is sought that is complained of herein (the latest of which occurred on October 12, 2020); 2) the EEOC issued the Notice of Right to Sue on March 22, 2021. See Exhibit A, which contains copies of Triplett's charge and the Right to Sue letter. Therefore, this suit is timely filed within the 90 days allowed from the receipt of the right to sue letter.

## FACTUAL ALLEGATIONS

7. On or about November 1, 2019, Plaintiff began her employment as a dialysis nurse at Fresenius Medical Care Louisiana Dialysis Group, LLC ("Fresenius") in New Orleans, Louisiana.

8. Throughout her employment, the Plaintiff performed her duties in a satisfactory or above manner.

9. In early 2020, before the pandemic, Plaintiff was feeling targeted and harassed while on the job by Kathy Pierre, the Algiers Clinic Manager and Ruby Phelps while working at Fresenius Algiers' clinic.

10. During Plaintiff's employment at Fresenius Kathy Pierre stated to Plaintiff, "I should have hired someone younger."

11. Ruby Phelps was Plaintiff's preceptor, responsible for training Plaintiff, several times Ruby Phelps snatched things out of Plaintiff's hand and verbally abused Plaintiff.

12. Plaintiff communicated this treatment to Kathy Pierre at an in-person meeting, from this meeting it was decided that Kathy Pierre would become Plaintiff's preceptor instead of Ruby Phelps.

13. On May 25, 2020, Plaintiff was tending to a patient at the Algiers clinic with Ruby Phelps when Kathy Pierre rushed over and pushed Plaintiff hard enough on her left arm, she almost stumbled.  Plaintiff was attempting to give the patient fluids.  Plaintiff stated to Kathy Pierre, "don't hit me."  Kathy Pierre proceeded to give the patient fluids instead.

14. After the patient was stabilized Plaintiff went to the nursing station to chart files. Kathy Pierre stands next to the nursing station and announces in a loud voice, "I just hit Kim, Kim are you hurt or bruised?" Plaintiff was embarrassed, she left the nursing station and went to the breakroom to calm down.  Plaintiff proceeded to Kathy Pierre's office to inform her that she was hurt and embarrassed by Kathy's actions therefore she wanted to go home.  Plaintiff informed Ruby Phelps that she was leaving for the day.

15. Plaintiff was contacted by Scott, who asked Plaintiff what transpired and she told him everything, including that she did not feel safe working back at the Algiers location due to Kathy's behavior.  Additionally, Plaintiff called the police who arrived at her home to take a statement.  Scott told Plaintiff he would need to speak with Kathy and would get back to her within 72 hours.  Plaintiff emailed her treating psychiatrist regarding increasing her anxiety medication.

16. On May 26, 2020, Scott called Plaintiff and informed her that she will need to return to the Algiers clinic on Wednesday, May 27, 2020.  Plaintiff informed Scott she did not feel

3

comfortable returning to the same clinic that Kathy Pierre manages and requested he transfer Plaintiff to another clinic. At first Scott told Plaintiff he did not have any positions at the other clinics. Plaintiff proceeded to call the compliance hotline and received a report key number. Scott called Plaintiff back and informed Plaintiff that he was still doing his investigation but Plaintiff could work at the Deckbar location.

17. On May 28, 2020, Brenda Sanders, an employee relations manager returned Plaintiff's call related to the complaint that was filed. Plaintiff recalled the entire incident with Kathy Pierre to Ms. Sanders.

18. On May 28, 2020, Plaintiff spoke with Scott regarding her belongings at the Algiers clinic. Plaintiff spoke to Scott on numerous occasions regarding her belongings but she never retrieved them from the Algiers clinic.

19. On May 29, 2020, Plaintiff begin working at the Deckbar clinic as a dialysis nurse. Plaintiff was extremely nervous because she had been told by a colleague named Janay, that Kathy Pierre is spreading false claims that Plaintiff is "slow and not working up to par."

20. On or about June 2, 2020, Plaintiff speaks with Brenda Sanders who informs Plaintiff that she still is investigating the incident with Kathy Pierre and will call her when she is done.

21. On June 5, 2020, Plaintiff went into the office of the charge nurse Katrina Jordan to inquire about a possible position for a friend of Plaintiff. Kasey Thomas stated in front of two co-workers, Katrina Jordan and Howie Ngo, "One of the nurses is out on maternity leave and you are filling that spot, but it so happened you kind of weaseled in here." Plaintiff later inquired with Kasey Thomas if she knew why Plaintiff transferred to that location, Ms. Thomas stated she was told by Scott not to talk about it.

22. On June 9, 2020, Plaintiff spoke with Brenda Sanders regarding the investigation of the incident at the Algiers location and was told it is still ongoing.

23. On June 10, 2020, Plaintiff spoke with Brenda Sanders who completed her investigation of the incident at the Algiers clinic and no action would be taken against Kathy Pierre.

24. Plaintiff settled into her position at the Deckbar clinic but one of the patient care technicians constantly gave Plaintiff problems. Plaintiff specifically asked not to work with Angela Lee, a patient care technician because she did not follow protocol. Plaintiff explained to Angela Lee she wanted to assess the patients before they were stuck and Ms. Lee begins to yell, "oh no I am not doing that, I hate working with your slow ass."

25. Plaintiff had a meeting that day with Katrina Jordan and Kasey Thomas to inform them of Angela's behavior to no avail. Plaintiff wanted Angela to no longer work in Plaintiff's section.

26. On October 12, 2020, Angela was working in Plaintiff's section again. Angela Lee yanked a blood-filled tube out of Plaintiff's hand and struck Plaintiff on her right arm causing her to lose her balance slightly. Plaintiff stated to Angela, "Did you really just hit me." Angela Lee stated, "I'm tired of you, I can't stand working with you."

27. Plaintiff went to Katrina's office and informed her of what happened and that she was calling the police.

28. The police arrived at the Deckbar clinic and Plaintiff gave a statement. The police took Plaintiff's statement and provided her with an item number for the report.

29. Angela Lee denied hitting Plaintiff.

30. Plaintiff resigned from her position as a dialysis nurse on October 13, 2020.

## COUNT I
## AGE DISCRIMINATION OF PLAINTIFF KIMBERLY TRIPLETT

31. Plaintiff incorporates as if fully restated all of the allegations previously written.

32. Plaintiff was subjected to unwelcome, offensive and harassing age discriminatory conduct during her employment with Fresenius which was perpetrated upon her by various Fresenius employees, and her Supervisors, and that this conduct was based upon and directed at Plaintiff by reason of her age.

33. Plaintiff noticed Fresenius, which was otherwise aware, of the harassing and discriminatory conduct, but Fresenius failed to take any appropriate corrective action.

34. This harassing and discriminatory conduct was sufficiently severe and pervasive so as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive working environment.

35. Said multiple comments and harassment ruined the reputation and credibility of Plaintiff and created an atmosphere of hostility which severely damaged the reputation in the eyes of her co-workers and supervisors.

36. Plaintiff was a victim of retaliatory conduct on the part of Defendants. Moreover, this conduct was ongoing and pervasive and constituted a "continuing violation" of Plaintiff's right. During the course of her employment, Plaintiff was forced to work in a discriminatory and hostile environment. Fresenius' complaint department was put on notice of the behavior of its employees, Kathy Pierre and Angela Lee, and failed to take immediate corrective action, all to Plaintiff's detriment.

37. Fresenius was aware of the hostile work environment and acquiesced in the environment.

38. As a direct and proximate result of the harassing and hostile environment of Kathy Pierre and Angela Lee, Plaintiff suffered great embarrassment, humiliation and mental and physical anguish.

## COUNT II
## AGE BASED WORKPLACE HARASSMENT

39. Plaintiff incorporates as if fully restated all of the allegations previously written.

40. During the course of Plaintiff's employment with Defendant, the Defendant, by and through its agents and employees, discriminated against the Plaintiff in the terms, conditions, and privileges of employment in various ways, in substantial part because of her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*

41. The above-described unwelcome age discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well-being.

42. The Plaintiff has been treated differently than similarly-situated employees by Defendants in the terms and conditions of her employment because of her age.

43. Defendants have engaged in intentional age discrimination in the terms and conditions of the Plaintiff's employment.

## COUNT III
## RETALIATION

44. Plaintiff incorporates as if fully restated all of the allegations previously written.

45. As herein alleged, the Defendants, by and through its officers, managing agents and/or its supervisors, illegally retaliated against Plaintiff by unjustly subjecting her to unjust scrutiny, false allegations of misconduct and unwelcome and derisive comments solely because she had reported the aforementioned age discrimination. Defendants had no legitimate reasons

7

for any such act. Each said act of retaliation is in violation of the Age Discrimination in Employment Act of 1967 (the "ADEA").

46. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, the Defendant may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

47. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kimberly Triplett, demands judgment against the Defendants, in an amount which will compensate her for:

1. Violation of her rights under the Age Discrimination in Employment Act of 1967;

2. Compensatory damages including lost wages, past and future and/or impairment of power to earn money; physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;

3. Trial by jury on all issues so triable;

4. Costs expended herein, including reasonable attorneys' fees;

5. Pre-judgment and post-judgment interest; and

6. Any and all other relief to which she may be entitled.

Respectfully submitted,

/s/ Raynique T. Keelen
Raynique T. Keelen, NO. LA31216
FULLER KEELEN LAW FIRM, LLC
201 ST. CHARLES AVENUE
SUITE 2500
NEW ORLEANS, LA 70170
TELEPHONE: (504) 754-6854
FACSIMILE: (888)796-9613
E-MAIL: raynique@fullerkeelenlawfirm.com

COUNSEL FOR PLAINTIFF